**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Unique Product Solutions, Ltd., | ) | CASE NO. 5:10 CV 1951 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Holdup Suspender Co., Inc., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion to Transfer Venue Under 28 U.S.C. 1404(a) (Doc. 8). This case arises under the Federal False Marketing Statute. For the following reasons, the motion is GRANTED.

### FACTS

Plaintiff, Unique Product Solutions, Ltd., filed this *qui tam* action against defendant, Holdup Suspender Co., Inc. Plaintiff alleges that defendant used an expired patent to market and sell one of its suspender products in violation of the Federal False Marketing Statute. The statute does not require that the plaintiff be a competitor. Rather, "any person" can bring a *qui tam*

action.  According to defendant, plaintiff is comprised of a group of attorneys who routinely file lawsuits against various companies for alleged violations of the False Marketing Act.  Recently, the Federal Circuit opined that the $500 penalty applied, not as a maximum fine, but to "each article" at issue.  Thus, according to defendant, a wave of lawsuits were filed by individuals attempting to "cash in" on this "windfall."

Plaintiff filed this lawsuit in this District.  Defendant resides in the Eastern District of Michigan.  Defendant is headquartered in Michigan and all of defendant's employees are located there.  All of Defendant's operations, including sales and marketing, are managed and occur in Michigan.  Defendant is not registered to do business in Ohio, has no place of business in this state, and has no officers, facilities, bank accounts, subsidiaries or property here.  No part of the accused products is manufactured, assembled, or packaged in Ohio.  All documents relating to the products and patent at issue are kept in Michigan.  Sal Herman is defendant's president and a resident of Michigan.  He avers that he is likely to be the primary fact witness.  He further avers that no witnesses or documents relevant to this lawsuit are located in Ohio. Defendant moves to transfer venue of this matter to the Eastern District of Michigan.  Plaintiff opposes the motion.

**ANALYSIS**

Defendant asks this Court to transfer this matter pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) affords the district court discretion over whether or not to transfer a case.  *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Superior Consulting Co., Inc. v. Walling*, 851 F. Supp. 839, 845 (E.D. Mich. 1994); *Nemmers v. Truesdale*, 612 F. Supp. 245,

246 (N.D. Ohio 1985). "The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft*, 454 U.S. at 254.

The threshold inquiry is whether the proposed transferee district is a district or division where the suit might have been brought. *Picker Int'l, Inc. v. Travelers Indemnity Co.*, 35 F. Supp. 2d 570, 572 (N.D. Ohio 1998); *First Bank of Marietta v. Bright Banc Savings Ass'n*, 711 F. Supp. 893, 896 (S.D. Ohio 1988). Here, the parties do not dispute that the suit could have been brought in the Eastern District of Michigan. Thus, the Court must look to "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

The first issue is plaintiff's choice of forum. As a general rule, the plaintiff's forum choice is afforded "great" or "substantial" weight. *Bacik v. Peek*, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993). A defendant seeking to upset the plaintiff's choice must therefore show that other factors weigh strongly in favor of transfer. *League of Women Voters of Ohio v. Blackwell*, 432 F. Supp. 2d 723, 734 (N.D. Ohio 2005); *Eberline v. Ajilon LLC*, 349 F. Supp. 2d 1052, 1054 (N.D. Ohio 2004); *Picker*, 35 F. Supp. 2d at 573. In this case, plaintiff brings this *qui tam* action on behalf of the United States. At least some courts have recently held that plaintiff's choice of forum is accorded less weight in *qui tam* actions as the United States is the real party in interest. *Hollander v. Hospira, Inc.*, unreported, 2010 WL 4751669 (E.D.Pa. Nov. 22, 2010)(plaintiff's choice of forum is entitled to less deference in *qui tam* actions); *Clip Ventures LLC v. U-Dig-It*

3

*Enterprises, Inc.*, unreported, 2010 WL 4269199 (N.D.Cal. Oct. 25, 2010)(plaintiff's choice of forum in *qui tam* actions is entitled to "little consideration"). The Court finds this to be especially true in this case, where plaintiff, which consists of a group of attorneys, was formed for the sole purpose of bringing False Marketing Acts claims against various companies. As one court noted, the convenience of attorneys is not a factor to consider in analyzing Section 1404(a) and to give deference to plaintiff's "choice of forum in these circumstances would effectively permit circumvention of these parameters through the creation of a shell-corporation plaintiff." *FLFMC, LLC v. Ohio Art Co.*, 2010 WL 3155160, at *2 (W.D.Pa. July 30, 2010). Accordingly, the Court finds that this factor is not entitled to substantial deference.

Even if the Court accorded substantial deference to plaintiff's choice of forum, every other factor weighs strongly in favor of transfer. As defendant points out, every witness is located in the Eastern District of Michigan. In addition, all documents and other evidentiary materials are located in that district. Moreover, the claims have no connection to this District. Defendant does not sell products in Ohio and appears to have no tie whatsoever to this District. Thus, none of the alleged wrongdoing occurred here. The interests of justice favor transferring this matter to Michigan, as any alleged wrongdoing occurred there. Simply, put, defendant more than satisfied its burden of establishing that the relevant factors weigh strongly in favor of transfer.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Transfer Venue Under 28 U.S.C. 1404(a) is GRANTED.

IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan  
                                              PATRICIA A. GAUGHAN  
                                              United States District Judge

Dated: 12/3/10